UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHLEEN L. DENHOF,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 1:15-cv-240

Hon. Gordon J. Quist

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's motion for award of attorney fees pursuant to 42 U.S.C. § 406(b). (ECF No. 22). The motion is unopposed.

**I.**     **Background**

Plaintiff filed this action appealing the Commissioner's decision denying benefits. *See* Compl. (ECF No. 1). On August 4, 2015, the Court granted a joint motion to remand the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). *See* Order and Judgment (ECF Nos. 18 and 19). On September 14, 2015, the Court awarded plaintiff an attorney's fee under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $4,300.00. *See* Order (ECF No. 21). On December 27, 2015, plaintiff was awarded disability benefits, including past-due benefits in the amount of $54,641.92. *See* Notice of Award (ECF 22-1, PageID.934). Pursuant to 42 U.S.C. § 406(b), plaintiff's counsel filed the present motion requesting fees for work performed in this Court under contingent fee arrangement, in which

1

plaintiff agreed to pay counsel a fee equal to 25% of the past-due benefits awarded. *See* Fee Agreement (ECF No. 22-2). Plaintiff's counsel seeks $7,660.48 in fees as detailed in his application.[1]

## II. Discussion

Plaintiff's motion seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b) for work done before this Court. Attorney fee awards in social security cases brought in this Court are authorized under 42 U.S.C. § 406(b)(1)(A), which provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this title [42 U.S.C. § 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

An attorney fee award is appropriate under § 406(b)(1)(A) when a court remands a case to the Commissioner for further proceedings and the Commissioner subsequently awards the claimant past-due benefits. *Bergen v. Commissioner of Social Security*, 454 F.3d 1273 (11th Cir. 2006). The statutory limit on attorney fees arose, in part, as a response to the inordinately large fees charged by attorneys, which sometimes consisted of one-third to one-half of the claimant's past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 804 (2002). While the SSA typically withholds 25% of the past-due benefits for payment of attorney fees, separate attorney fee awards are made under § 406 for work performed before the administrative agency and for work performed in the Federal Court. *See Horenstein v. Secretary of Health and Human Services*, 35 F.3d 261, 262 (6th

---

[1] This motion for fees was filed on October 30, 2017, nearly two years after the Notice of Award. W.D. Mich. LCivR 54.2(b)(ii) states that: "The time to file a motion for fees expires 35 days after the commencement date calculated under subparagraph (i) above. Any motion filed after this 35-day deadline will be considered only by a specific showing of excusable neglect by plaintiff's attorney." Plaintiff's counsel, a regular Social Security practitioner in the Western District, advised the Court that he did not receive a copy of the Notice until October 20, 2017, that another attorney was involved in the case at the administrative hearing level, and that the other attorney received a fee of $6,000.00 for work performed at the administrative level. *See* Motion. In addition, plaintiff has been provided a copy of the motion and has not filed any objection to the requested fee. *See* Certificate (ECF No. 23). In this instance, the Court should accept counsel's statement at face value and consider the motion despite the fact that it was filed after the 35-day deadline.

Cir. 1994) (concluding that under 42 U.S.C. §§ 406(a) and 406(b), "each tribunal may award fees only for the work done before it").

Under the contingent fee agreement, plaintiff agreed to pay counsel a fee of 25% of the past due benefits resulting from her claim. In evaluating fees under § 406(b), there is "a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless 1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Secretary of Health and Human Services*, 923 F.2d 418, 419 (6th Cir. 1990).

With respect to the first consideration, there is no suggestion that Attorney Rinck engaged in improper conduct or was ineffective. On the contrary, he secured a very favorable result for his client. With respect to the second consideration, the Court must consider whether the requested fee will result in an undeserved windfall to counsel.

> [A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

*Id.* at 422 (footnotes omitted). "In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Id.*

The Social Security Administration withheld $13,660.48 of the past due benefits for payment of attorney fees. *See* Notice at PageID.934. Of that amount, plaintiff's hearing level attorney received a fee of $6,000.00 for work performed in the administrative agency. *See* Motion

3

at PageID.928. Attorney Rinck has requested a fee in the amount of $7,660.48, which represents the balance of plaintiff's withheld past-due benefits. Attorney Rinck's time sheet reflects that he spent a total of 25.0 hours working on this matter in this Court. *See* Itemized Statement of Time (ECF No. 22, PageID.932). Based on the time expended, this requested fee results in a hypothetical hourly rate of $306.42. The Court has considered an hourly rate of $175.00 as reasonable in Social Security Appeals, establishing a *Hayes* "floor" of $350.00 per hour. Attorney Rinck's hypothetical hourly rate, which falls well below that floor, is *per se* reasonable.

Finally, this fee award is subject to offset for the previously awarded EAJA fee. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"). Thus, counsel should refund the previous EAJA award of $4,300.00 to plaintiff, resulting in a net fee award from this Court of $3,660.48.

### III. Recommendation

Accordingly, I respectfully recommend that plaintiff's motion for award of attorney fees (ECF No. 22) be **GRANTED** in the amount of **$7,660.48**.

I further recommend that plaintiff's counsel **REFUND** to plaintiff the previously awarded EAJA fee in the amount of **$4,300.00**.


Dated: December 4, 2017            /s/ RAY KENT
                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).